IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALONZO COTTON, SR., KJ-0654, )
    Petitioner, )
     )
    v. ) 2:15-cv-826
     )
KIMBERLY BRAKLEY, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Alonzo Cotton, Sr. for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Alonzo Cotton, Sr., and inmate at the State Correctional Institution at Greene has presented a petition for a writ of habeas corpus. Cotton was sentenced to a two year and six month to five year period of incarceration for committing an accident involving death or personal injury with a calculated minimum release date of May 23, 2014 and a maximum release date of November 23, 2016.[1]

On February 24, 2014, the Board of Probation and Parole (the Board") denied parole based on:

> The negative recommendation made by the Department of Corrections.
> Reports, evaluations and assessments/level of risk indicates your risk to the community.
> Your minimization of the nature and circumstances of the offenses(s) committed.
> Your lack of remorse for the offenses(s) committed.
> The negative recommendation made by the prosecuting attorney.
> You are to be reviewed in or after January, 2015.[2]

On March 25, 2015 the Board again denied parole for the following reasons:

---

[1] See: Exhibit A to the answer.
[2] See: Exhibit B to the answer.

1

Your prior unsatisfactory parole supervision history.
Reports, evaluations and assessments/level of risk indicates your risk to the community.
Other factors deemed pertinent in determining that you should not be paroled: your history of violence in the community. The Board will consider supervision prior to unexpired term.
The negative recommendation made by the prosecuting attorney.
You are to be reviewed in or after January, 2016.[3]

In support of his application for relief here, Cotton contends:

Pennsylvania's Parole Statute(s) … are unconstitutionally allowing the PRPP to be arbitrary in its decision making in violation of substantive Due Process.

The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's conduct both inside and outside the institution and not on some arbitrary basis such "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

---

[3] See: Exhibit C to the answer. Most importantly, in his letter to the Board, the Assistant District Attorney wrote:
> Prior to this accident [motor vehicle accident involving death], Mr. Cotton accumulated a very significant criminal history. In 1973, Mr. Cotton was convicted of involuntary manslaughter. In 1978, Mr. Cotton was convicted of aggravated assault, among other charges. In 2003, Mr. Cotton was convicted of criminal trespass, recklessly endangering another person, simple assault, etc. To my knowledge, Mr. Cotton has been arrested 19 times in his life… (See: Exhibit D to the answer).

Thus, the record clearly demonstrates that Cotton's denial of release on parole is not the result of a violation of any federally protected rights. The calculation of his sentence is fully supported by the record here and there is no demonstration that any action of the Board was contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of that law. For these reasons he is not entitled to relief.

Accordingly, it is recommended that the petition of Alonzo Cotton, Sr. for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Filed: December 1, 2015

s/ Robert C. Mitchell
United States Magistrate Judge